JOSEPH P. RUSSONIELLO
United States Attorney
CHARLES O'CONNOR
Assistant United States Attorney
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102
Telephone: (415) 536-6967
Facsimile: (415) 436-6748

RONALD J. TENPAS
Assistant Attorney General
BARCLAY T. SAMFORD (NMBN 12323)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Div.
1961 Stout St., 8th Floor
Denver, CO 80294
Telephone: (303) 844-1475
Facsimile: (303) 844-1350

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-VALLEY CARES, MARYLIA KELLEY, JANIS KATE TURNER, and JEDIDJAH DE VRIES,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF ENERGY, NATIONAL NUCLEAR SECURITY ADMINISTRATION, LAWRENCE LIVERMORE NATIONAL LABORATORY,<br><br>Defendants. | Case No. 08-cv-1372-BZ<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER Case No. 08-cv-1372-BZ and Case No. 03-cv-3926-SBA SHOULD BE RELATED** |

## I. INTRODUCTION

This is the second case filed by the Plaintiffs challenging the Department of Energy's compliance with the National Environmental Policy Act (NEPA) in its proposal to operate a Biosafety Level 3 (BSL-3) laboratory at the Lawrence Livermore National Laboratory (LLNL). The prior case, Tri-Valley CARES et al. v. Dep't of Energy, Case No. 03-cv-3926-SBA (N.D. Cal.), was heard on cross-motions for summary judgment by the Honorable Saundra Brown Armstrong. The prior case resulted in a remand to the DOE to address a single deficiency in the NEPA analysis. As a result of the remand, DOE has revised its NEPA analysis and reauthorized operation of the LLNL BSL-3 facility. The instant case challenges that revised analysis. Because this case and the prior case concern substantially the same parties, property and events, Defendants submit that the cases are related within the meaning of Civil Local Rule 3-12 and that reassignment of the instant case to Judge Armstrong would result in substantial saving of judicial effort.

## II. FACTUAL BACKGROUND

On December 16, 2002, pursuant to its statutory mission to reduce the global danger from weapons of mass destruction, including biological weapons, the National Nuclear Security Administration (NNSA), an agency within the DOE, authorized the construction of a Biosafety Level 3 (BSL-3) laboratory at LLNL. Pursuant to NEPA, the DOE described the need for the BSL-3 lab and its conclusion that the lab will not have a significant impact on the environment in a comprehensive Environmental Assessment (EA) and Finding of No Significant Impact (FONSI).

On August 26, 2003, plaintiffs Tri-Valley CARES, Marylia Kelley and Janis Kate Turner, among others, brought suit in this district alleging that the EA was inadequate in numerous regards. Dkt No. 1, Case No.03-cv-03926-SBA. The case was assigned to the Honorable Saundra Brown Armstrong. On September 10, 2004, Judge Armstrong issued an order granting in its entirety Defendants' motion for summary judgment and denying Plaintiffs' motion for summary judgment. Id. at Dkt. No. 128. Plaintiffs appealed, and on October 16,

ADMINISTRATIVE MOT. TO RELATE CASES, 08-cv-1372, page 1

2006, the Ninth Circuit issued a memorandum decision affirming in part, and reversing in part, the district court's decision. In particular, the Court of Appeals found that with the exception of the lack of analysis of the possibility of a terrorist attack, the DOE took "a 'hard look' at the identified environmental concerns and that the DOE's decision was fully informed and well-considered." Tri-Valley CARES v. Dep't of Energy, No. 04-17232, slip op. at *4, 2006 WL 2971651 at *3. With regard to the terrorist attack analysis, the Ninth Circuit reversed the District Court's finding on the basis of an appellate court decision, San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n, 449 F.3d 1016 (9th Cir. 2006), which was decided during the pendency of the appeal. Judge Armstrong therefore remanded the case to the DOE to "consider whether the threat of terrorist activity necessitates the preparation of an Environmental Impact Statement." Dkt. No. 150, Case No.03-cv-03926-SBA.

To comply with the Court's remand order, the DOE has prepared a Revised EA and a Finding a No Significant Impact (FONSI). The only significant difference between the EA reviewed by Judge Armstrong and the Ninth Circuit, and the Revised EA is the analysis of the possibility of terrorist attack which was developed in response the Ninth Circuit's direction.

### III. STATEMENT OF THE RELATIONSHIP OF THE ACTIONS

#### A. Both Actions Concern Substantially the Same Parties

There is no dispute that both actions concern substantially the same parties. Plaintiffs in the instant case, Tri-Valley CARES, Marylia Kelley and Janis Kate Turner, were also Plaintiffs in the earlier filed case, 03-cv-3926-SBA. Defendants in the instant case, the United States Department of Energy, the National Nuclear Security Administration and Lawrence Livermore National Laboratory were all Defendants in the earlier filed case. While the instant case includes an individual plaintiff not present in the earlier action, and the earlier action included several plaintiffs not present in this action, these minor differences do not alter that fact that the parties are "substantially" the same.[1]/ See Financial Fusion, Inc. v. Ablaise LTD, No. 06-cv-2451-PVT,

---

[1]/ As originally filed, 03-cv-3926-SBA, included a New Mexico based organization, Nuclear Watch of New Mexico, several individuals from New Mexico, and included a challenge to a proposed facility at Los Alamos National Laboratory in New Mexico. Claims against the Los

ADMINISTRATIVE MOT. TO RELATE CASES, 08-cv-1372, page 2

2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006) (finding cases related that involved different plaintiffs and the same defendant).  Cf. Del Conte v. San Francisco Police Dep't, No. 06-cv-05030-JSW, 2007 WL 1119187, at *4 (N.D. Cal. Apr. 16, 2007)(finding, in context of federal court abstention, that "substantially the same parties" only requires "substantial similarity," "not exact parallelism").

### B. Both Actions Concern Substantially the Same Property, Transaction or Event.

Nor can there be any dispute that both the instant case and the earlier filed case challenge substantially the same property, transaction or event.  Both actions challenge DOE's decision to open a BSL-3 facility at Lawrence Livermore National Laboratory.  The physical facility challenged here is precisely the same facility challenged in 03-cv-3926-SBA.  The only significant legal difference between the legal documents challenged is the terrorism analysis prepared in compliance with the Ninth Circuit's remand.

### C. Assignment to the Same Judge will Avoid Unduly Burdensome Duplication of Labor and Expense.

In the earlier filed action, 03-3926-SBA, Plaintiffs alleged that the Environmental Assessment prepared by the DOE pursuant to NEPA was deficient in numerous regards.  To evaluate those claims, Judge Armstrong reviewed the extensive administrative record prepared by the Agency, including a large amount of technical material relating to the safe handling of bio-agents.  See Dkt. No. 9-18.  On appeal, the Ninth Circuit upheld, with the exception of the lack of analysis concerning the possibility of a terrorist attack, all of Judge Armstrong's conclusions.

To address the single deficiency found by the Court of Appeals, the DOE prepared a revised EA.  Thus, with the exception of the documentation underlying the new terrorism analysis and minor updates to reflect new information, the administrative record upon which this case will be heard is the same as that previously reviewed by Judge Armstrong.  Defendants

---

Alamos facility were mooted by the withdrawal of the authorization for that facility, and were not pursed by Plaintiffs in the litigation.  See Dkt. No. 51, Case No.03-cv-03926-SBA.

respectfully submit that it is in the interest of judicial economy to relate the instant case to 03-cv-3926-SBA. Doing so will avoid imposing upon another judicial chambers the burden of reviewing the lengthy administrative record and mastering the relatively technical subject matter to which Judge Armstrong has already devoted considerable time and energy.

### D. Relation to an Action No Longer Pending is Appropriate.

Defendants anticipate that Plaintiffs will resist relation of this case and their prior challenge on the grounds that their prior challenge to the LLNL BSL-3 facility is no longer pending. Caselaw in this circuit makes clear, however, that cases may be related under Local Rule 3-12 even if one of the cases is not currently pending. See, e.g., Benavides v. Bush, No. 08-cv-0102 MHP, 2008 WL 170431, at *2 (N.D. Cal. Jan. 18, 2008) (relating case to action previously dismissed); Besaro Mobile Home Park v. Fremont, No. 05-cv-2886-SBA, 2006 WL823386, at *1 (Mar. 28, 2006) (*sua sponte* judicial referral to determine if case is related to action no longer pending) (Armstrong, Judge); Wireless Consumers Alliance, Inc. v. T-Mobile, No. 03-cv-3711-MHP, 2003 WL 22387598, at *5 (N.D. Cal 2003) (noting, in the context of a motion to transfer venue, that cases may be related under Local Rule 3-12 even where the earlier filed case is not longer pending); Grimes v. Sprint, PCS, No. 00-cv-2321-CRB, 2001 WL 30536, at *1 (N.D. Cal. Jan. 2, 2001) (relating case to action previously dismissed).

In fact, the Local Rules for the Northern District of California appear to have been amended to *remove* any requirement that the earlier filed case remain pending. In Paul-Lockwood v. Lopez, No. 87-cv-20779-RPA, 1996 WL 162957, at *1 (N.D. Cal. Apr. 3, 1996), the Court denied a motion under Local Rule 3-12 to relate to closed case, because "[t]he relevant Local Rule specifies that a case may only be related to another case that is 'currently pending in this district.'" (citing Civil L.R. 3-12(a)). The current Local Rules no longer contain the requirement an action be "currently pending." See Civil L.R. 3-12.

Therefore the fact that Plaintiffs prior challenge to the LLNL BSL-3 facility, 03-cv-3926-SBA, is not longer pending does not foreclose its relation, under Local Rule 3-12, to the instant action.

**IV. CONCLUSION**

Because the instant case concerns substantially the same parties, property and events as Plaintiffs' prior challenge to the LLNL BSL-3 facility, Defendants respectfully submit it is related to <u>Tri-Valley CARES et al. v. Dept. of Energy</u>, Case No. 03-cv-3926-SBA, and that, in order to promote judicial economy, it be reassigned to the Honorable Saundra Brown Armstrong.

Dated this 12th day of March, 2008.

                        Respectfully submitted,
                        RONALD J. TENPAS
                        Assistant Attorney General

                         /s/ Barclay Samford
                        BARCLAY SAMFORD
                        Trial Attorney
                        U.S. Department of Justice
                        Environment & Natural Resources Division
                        1961 Stout Street, 8th Floor
                        Denver, CO 80294